IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PATRICIA JOHNSON                                                        PLAINTIFF

vs.                              Civil No. 4:25-cv-04078

FRANK BISIGNANO,                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Patricia Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI  and Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (ECF No. 6.)  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background**

Plaintiff filed her disability applications on April 7, 2022.  (Tr. 15.)[1]  In these applications, Plaintiff alleged being disabled due to back pain, knee pain, depression, and anxiety.  (Tr. 260.)

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 10.  These references are to the page number of the transcript itself not the ECF page number.

1

Plaintiff alleged an onset date of March 1, 2015. (Tr. 15.) The onset date was amended to December 30, 2019. (Tr. 42-43.) Plaintiff's application was denied initially on December 12, 2022, and again upon reconsideration on December 27, 2023. (ECF No. 15.)

Plaintiff requested an administrative hearing on her denied applications, and this request was granted. (Tr. 15.) An Administrative Law Judge ("ALJ") conducted the hearing on June 20, 2024. (Tr. 37-65.) At this hearing, Plaintiff was present and represented by Gregory Giles. (Tr. 15.) Plaintiff and Vocational Expert ("VE"), Gerald Dyess, both testified at the hearing. *Id*.

On October 18, 2024, the ALJ entered a partially favorable decision. (Tr. 15-26.) In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2020. (Tr. 18, Finding 1.) The ALJ also determined Plaintiff had not engaged in any substantial gainful activity since the onset date of March 1, 2015. (Tr. 18, Finding 2.) The ALJ found that since March 1, 2015, Plaintiff had the severe impairments of degenerative disc disease lumbar spine, osteoarthritis, obesity, and hypertension. (Tr. 18, Finding 3.) Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (Tr. 20, Finding 4.)

The ALJ also determined Plaintiff was not disabled prior to April 5, 2024. (Tr. 20, Finding 5.) Accordingly, the ALJ determined Plaintiff had the Residual Functional Capacity ("RFC") prior to April 5, 2024, to perform less than light work, with the limitations that Plaintiff

> can lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can stand and/or walk and sist for 6 hours each in an 8-hour workday. [Plaintiff] can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally stoop, kneel, crouch, and crawl.

*Id*. The ALJ determined between April 5, 2024, and the date of his decision, Plaintiff had the RFC to perform less than sedentary work, with the limitations that Plaintiff

can lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour work day, and stand and/or walk a total of 2 hours in an 8-hour workday. [Plaintiff] can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally balance, stoop, kneel, crouch, and crawl.

(Tr. 24, Finding 6.)

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 25, Finding 7.) The ALJ also determined that prior to the established disability onset date of April 5, 2024, Plaintiff was a younger individual age 18-49, and since the established disability date, Plaintiff's age category changed to an individual closely approaching advanced age. (Tr. 25, Finding 8.)

The ALJ determined based on her age, education, work experience, and RFC, there were jobs that existed in the national economy that Plaintiff could have performed prior to April 5, 2024, such as housekeeper cleaner with approximately 133,000 positions in the national economy, a mailroom clerk with approximately 18,000 positions in the national economy, and a routing clerk with approximately 41,000 positions in the national economy. (Tr. 25, Finding 11.)

Beginning on April 5, 2024, the ALJ determined there were no jobs Plaintiff could perform that existed in the national economy. (Tr. 26, Finding 12.) Ultimately, the ALJ determined Plaintiff was not disabled prior to April 5, 2024, but became disabled on that date and continued to be disabled through the date of the decision. (Tr. 26, Finding 13.) Based upon these findings, the ALJ determined Plaintiff had not been disabled under the Act through December 31, 2020. (Tr. 26, Finding 14.)

On October 2, 2025, Plaintiff filed the present appeal. (ECF No. 2.) Both parties filed appeal briefs. (ECF Nos. 14, 15.) This case is now ready for decision.

3

2. **Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

4

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3.  Discussion

In her appeal brief, Plaintiff raised the following arguments: (1) the ALJ's finding that Plaintiff could perform light work on December 30, 2019, is not supported by substantial evidence and (2) the ALJ erred by failing to properly assess Plaintiff's subjective complaint during the relevant period.  (ECF No. 14.)  Defendant argues substantial evidence supports the ALJ's RFC findings and the ALJ properly evaluated Plaintiff's subjective complaints.  (ECF No. 15.)

### A.  RFC Determination

In this matter, Plaintiff's onset date was amended to her fiftieth birthday—December 30, 2019—during the hearing.  (Tr. 42-43.)  The ALJ determined Plaintiff had the RFC to perform less than light work prior to April 5, 2024.  (Tr. 20, Finding 5.)  Plaintiff contends this finding was

incorrect and that she was not able to perform light work during this period. (ECF No. 14, pgs. 15-18.) However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206. The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id*.

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. See *McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ.  The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter.  The mere fact Plaintiff suffered from several impairments does not demonstrate she had more limitations than those found in the RFC assessment.

Plaintiff asserts the ALJ's finding of improvement after surgery in 2016 was inaccurate. (ECF No. 14, pg. 2.)  However, the ALJ based his decision on medical opinions from Dr. Phillip Matar; Dr. Kristin Jarrard; Dr. Rachel Taylor; Tomekia White, APRN, CNP; Stuart Jones, PT, DPT, CFE; Curt Walker, PT, CFE; Dr. Lance Runion; Dr. Peter J. Carroll; Dr. Rohan Samant; Shawntel M. Price, APRN; Dr. Mimo Rose Lemdja; Dr. Timothy Overlock; Haley Quintana, APRN; and Dr. Micah Fritsche. (Tr. 68-73, 74-80, 81-87, 90-97, 628-641, 699-707, 708-722, 368, 367, 372-373, 375, 386, 392, 423, 472, 448, 390, 393, 420, 423, 533, 563-565, 626, 733, and 754.)

Specifically, the ALJ based his findings on the medical records of Dr. Kazemi that discussed Plaintiff had lumbar spondylosis and he recommended surgery for this condition.  (Tr. 467, 469-470.)  The Plaintiff had surgery on May 19, 2016.  (Tr. 456-457).  The ALJ also noted Dr. Kazemi's six-week post-operative evaluation chartings indicated Plaintiff had "dramatic improvement in low back pain since surgery" and that Plaintiff was still experiencing some leg pain but was showing improvement.  (Tr. 448.)  Additionally, the ALJ based his findings off medical records from Dr. Overlock, indicating Plaintiff had a normal gait, normal balance, and motor strength and was able to ambulate without an assistive device.  (Tr. 624-625.)

Substantial evidence supports the ALJ's RFC determination.  Plaintiff has the burden of establishing her claimed RFC.  See *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met this

burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, the ALJ's RFC determination is affirmed.

### B. Subjective Allegations

Plaintiff also claims the ALJ erred in evaluating her subjective allegations of pain. (ECF No. 14, pgs. 15-18.) In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id*. The ALJ is not required to methodically discuss each factor if the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). If the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See id*.; *Cox v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under Polaski and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]."  *Polaski*, 739 F.2d at 1322.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the Polaski factors.  *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act.  The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective allegations. (Tr. 20-23.)  The ALJ considered Plaintiff's daily activities, such as reports of living with and caring for her diabetic mother and searching for jobs.  *Id*.  The ALJ also considered Plaintiff's testimony that she had no adverse medication side effects and the record's indication of intermittent noncompliance with blood pressure medications and mental health medications. (Tr. 21.)  Finally, the ALJ evaluated a functional capacity evaluation and compared it with subsequent medical records where the examiner recorded Plaintiff's exhibit of walking with a normal gait at a normal pace and performance on grip strength testing where she gave less than full effort. (Tr. 22.)

Based upon the Court's review, there is no basis for reversal on this issue.  *See, e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints . . . if there are inconsistencies in the record as a whole").

**4.  Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of June 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE